UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

LAUREN M.,[1]

        Plaintiff,

    v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

        Defendant.

Case No. 3:18-cv-01456-YY

OPINION AND ORDER

YOU, Magistrate Judge:

    Lauren M. ("plaintiff") seeks judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying her application for Title II Disability Insurance Benefits ("DIB") and Title XVI Social Security Income ("SSI") under the Social Security Act ("Act"). This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner's decision is not supported by substantial evidence; therefore, it is REVERSED and REMANDED for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party or parties in this case. Where applicable, this opinion uses the same designation for a non-governmental party's immediate family member(s).

1 – OPINION AND ORDER

**PROCEDURAL HISTORY**

Plaintiff filed an application for DIB on June 21, 2011, and an application for SSI on June 28, 2011. In both applications she alleged disability beginning June 3, 2011. Tr. 30. Plaintiff's claims were initially denied on November 2, 2011, and upon reconsideration on March 21, 2012. *Id.* A hearing was held before an Administrative Law Judge ("ALJ") on July 19, 2013, in which plaintiff testified, as did a vocational expert ("VE"). Tr. 51-81. On August 1, 2013, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 169-78. On February 25, 2015, the Appeals Council vacated the ALJ decision and remanded the case for further proceedings. Tr. 30, 184-88.

The ALJ held a subsequent hearing on March 4, 2016, in which plaintiff testified again, as did a VE. Tr. 82-104. On April 13, 2016, the ALJ issued a second decision finding plaintiff not disabled. Tr. 30-43. After the Appeals Council denied her request for review, plaintiff filed a complaint in this court. Tr. 1-8. The ALJ's decision is therefore the Commissioner's final decision subject to review by this court. 20 C.F.R. § 422.210.

**STANDARD OF REVIEW**

The reviewing court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). This court must weigh the evidence that supports and detracts from the ALJ's conclusion and "'may not affirm simply by isolating a specific quantum of supporting evidence.'" *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)). The reviewing court may not substitute its judgment for that of the Commissioner when the evidence can reasonably support either affirming or reversing the decision. *Parra v. Astrue*, 481 F.3d 742,

746 (9th Cir. 2007). Instead, where the evidence is susceptible to more than one rational interpretation, the Commissioner's decision must be upheld if it is "supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted); *see also Lingenfelter*, 504 F.3d at 1035.

## SEQUENTIAL ANALYSIS AND ALJ FINDINGS

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ engages in a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. This sequential analysis is set forth in the Social Security regulations, 20 C.F.R. §§ 404.1520, 416.920, in Ninth Circuit case law, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (discussing *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999)), and in the ALJ's decision in this case, Tr. 31-32.

At step one, the ALJ found plaintiff had engaged in substantial gainful activity "at least during a portion of 2012." Tr. 33. However, the ALJ concluded there had been "a continuous 12-month period during which [plaintiff] did not engage in substantial gainful activity." *Id.*

At step two, the ALJ found plaintiff has the severe impairments of: residuals of surgery for benign brain tumor, history of seizure disorder, organic mental disorder, affective disorder, anxiety disorder, and opiate dependence in remission with Suboxone. *Id.*

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment. Tr. 34. The ALJ next assessed plaintiff's residual functional capacity ("RFC") and determined that she could perform light work as defined in 20 C.F.R. § 404.1567(b), with the following limitations: she can occasionally

3 – OPINION AND ORDER

engage in postural activities, except she should not climb ladders, ropes, and scaffolds, she should avoid concentrated exposure to humidity and vibrations, she should avoid even moderate exposure to hazards, she is limited to unskilled work with incidental public contact, and she should not work as part of a team. Tr. 35.

At step four, the ALJ found plaintiff was unable to perform her past relevant work as an aesthetician or cashier/checker. Tr. 42.

At step five, the ALJ determined that considering plaintiff's age, education, work experience, and RFC, she could perform jobs that exist in significant numbers in the national economy, including small products assembler and price marker. Tr. 43.

## DISCUSSION

Plaintiff claims the ALJ erred by improperly assessing the medical opinions of non-examining psychologists Kordell Kennemer, Psy.D., and Joshua Boyd, Psy.D.[2]

### I. Medical Opinion Evidence

The ALJ is responsible for resolving ambiguities and conflicts in the medical testimony. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ must provide clear and convincing reasons for rejecting the uncontradicted medical opinion of a treating or examining physician, or specific and legitimate reasons for rejecting contradicted opinions, so long as they are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). However, "[t]he ALJ need not accept the opinion of any physician, including a

---

[2] In her statement of the issues, plaintiff also alleged that the ALJ erred by "improperly failing to address the consultative examiner's opinion that [p]laintiff would have moderate limitations in ability to respond to usual work situations and changes in a routine work setting, despite affording the opinion great weight." Pl. Br. 4, ECF #17. Nevertheless, plaintiff failed to include any substantive argument on this issue. Indeed, it appears that plaintiff mistakenly included this sentence in her statement of the issues. Because plaintiff has apparently abandoned this issue, the court does not address it.

treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Chaudhry v. Astrue*, 688 F.3d 661, 671 (9th Cir. 2012). Additionally, the ALJ may discount physicians' opinions based on internal inconsistencies, inconsistencies between their opinions and other evidence in the record, or other factors the ALJ deems material to resolving ambiguities. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 601-02 (9th Cir. 1999).

Dr. Kennemer and Dr. Boyd assessed that plaintiff was capable of understanding and remembering "short simple 1-2 step tasks but not more detailed" tasks. Tr. 114, 145. The ALJ gave "some weight" to the opinions of Dr. Kennemer and Dr. Boyd, finding that they were "consistent with [plaintiff's] cognitive disorder." Tr. 41. The ALJ additionally "included a limitation to work involving only incidental public contact and no working as part of team to prevent exacerbation of [plaintiff's] anxiety symptoms." *Id.* Crucially, however, the ALJ provided no explanation for his failure to include the limitation to one-to-two step tasks in the RFC.

In failing to include this limitation in the RFC, the ALJ "effectively rejected" the opinions of Dr. Kennemer and Dr. Boyd. *See Kimble v. Berryhill*, No. 3:15-cv-01641-JE, 2017 WL 3332256, at *4 (D. Or. Aug. 4, 2017) (citing *Bobbitt v. Colvin*, No. 3:13-cv-01320-HZ, 2014 WL 2993738, at *9 (D. Or. Jul. 1, 2014)). An ALJ may "reject the opinion of a non-examining physician by reference to specific evidence in the record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998). Here, the ALJ failed to provide any reasons for rejecting the one-to-two step limitation. Accordingly, the ALJ erred.

The Commissioner contends that the ALJ properly incorporated the one-to-two step limitation in the RFC by limiting plaintiff to unskilled work, which corresponds to specific vocational preparation ("SVP") levels one and two. Def. Br. 4, ECF #22. However, the Ninth

Circuit has held that a limitation to one-to-two step tasks is not consistent with Level Two reasoning. *Rounds v. Comm'r*, 807 F.3d 996, 1003 (9th Cir. 2015). There is "an apparent conflict" between a one-to-two step task limitation and "the demands of Level Two reasoning, which requires a person to apply commonsense understanding to carry out detailed but uninvolved written or oral instructions."[3] *Id.* (quotations marks and alterations omitted).

Moreover, the SVP level is not "synonymous with the simplicity of a task." *Ferguson v. Colvin*, No. 3:15-cv-01532-SU, 2016 WL7042076, at *2-3 (D. Or. Dec. 2, 2016) (citing *Smith v. Colvin*, No. 3:14-cv-01210-PA, 2016 WL 680535, at *11 (D. Or. Feb. 19, 2016); *see also Soto-Rojas v. Comm'r*, No. 3:09-cv-6218-KI, 2011 WL 39141, at *7 (D. Or. Jan. 6, 2011) ("The SVP level in a DOT listing indicating unskilled work does not address whether a job entails only simple tasks")). "Courts in this district have previously recognized that a job's simplicity is better addressed by its GED (reasoning level) ratings, rather than by its SVP rating." *Smith*, 2016 WL 680535, at *11 (citing *Soto-Rojas*, 2011 WL 39141, at *7-8).

The Commissioner also argues that unskilled work "includes the ability to perform simple instructions" and "simple instructions are consistent with one-to-two step tasks." Def. Br. 4-5, ECF #22. The Commissioner is incorrect. "A limitation to 1-2 step tasks is more restrictive than a limitation to simple, repetitive tasks." *Kimble*, 2017 WL 3332256, at *4 (internal quotations omitted); *see also Dschaak v. Colvin*, No. 3:13-cv-02127-MA, 2015 WL 181803, at *5 (D. Or. Jan. 14, 2015) ("Several recent cases from this court have held that a limitation to one to two step instructions is a more restrictive limitation than the limitation of simple, routine tasks."); *Bobbitt*, 2014 WL 2993738, at *9 (same).

---

[3] The court recognized that "Level One reasoning requires a person to apply commonsense understanding to carry out simple one- or two-step instructions." *Rounds*, 807 F.3d at 1003 (quotation marks omitted).

While the VE in the first hearing testified that there were jobs with Level One reasoning that plaintiff could perform, the hypothetical that the ALJ posed to the VE did not include that plaintiff could have only incidental public contact and could not work as part of team. Tr. 75-76. Moreover, the inspector and hand packager jobs that the VE identified as having Level One reasoning actually require Level Two reasoning. *Id.*; DOT #559.687-074.

The Commissioner argues that, in the second hearing, the VE included limitations of incidental public contact and not working as part of a team. Def. Br. 5, ECF #22 (citing Tr. 102). Nevertheless, as discussed above, the hypothetical to the VE in the second hearing did not include the limitation to one-to-two step tasks.

In sum, the hypotheticals in both the first and second hearings were deficient because each left out at least one of plaintiff's limitations. Because the ALJ did not include all of the limitations in either of the hypotheticals, the VE's testimony from both hearings had no evidentiary value and it was error for the ALJ to rely on it. *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988).

## II.   Remand

When a court determines the Commissioner erred in some respect in making a decision to deny benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or immediate payment of benefits, the Ninth Circuit employs the "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) the record has been fully developed and further proceedings would serve no useful purpose, and (3) if the improperly discredited evidence were

credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020.  Even if all of the requisites are met, however, the court may still remand for further proceedings, "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id.* at 1021.

Here, the first requisite of the *Garrison* test is met, as the ALJ erroneously assessed the medical opinions of Dr. Kennemer and Dr. Boyd.  However, the second requisite is not met, as the record in this case is not fully developed.  Even if the improperly rejected opinions are credited as true, it is not clear that the ALJ would be required to find plaintiff disabled because the VE did not provide an opinion as to whether plaintiff would be able to perform jobs that exist in significant numbers in the national economy when taking into account all of plaintiff's limitations.  Additionally, the parties agree that a remand for benefits would not be appropriate in this case.  Def. Br. 5-7, ECF #22; Pl. Reply 3-4, ECF #26.

On remand, the ALJ must (1) accept the opinions of Dr. Kennemer and Dr. Boyd or provide legally sufficient reasons for rejecting them, (2) obtain additional VE testimony regarding what work plaintiff can do, if any, and (3) conduct any additional proceedings as indicated by the results of the foregoing instructions.

## CONCLUSION

For the reasons discussed above, the decision of the Commissioner is REVERSED and REMANDED for further proceedings.

DATED August 19, 2019.

/s/ Youlee Yim You  
Youlee Yim You  
United States Magistrate Judge